1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

KIPPER KING,

10

Plaintiff,

No. C16-6052 RJB-KLS

11

v.

12

CHUCK WRIGHT, et al.,

**REPORT AND RECOMMENDATION**
**Noted for:  January 27, 2017**

13

Defendants.

14

Before the Court are Plaintiff Kipper King's application to proceed *in forma pauperis*

15

and proposed 42 U.S.C. § 1983 civil rights complaint.  Dkt. 1.  Mr. King, who is incarcerated at

16

the Spartanburg County Detention Facility ("SCDF") in Spartanburg, South Carolina, purports to

17

18

sue the Spartanburg Sheriff, along with SCDF corrections officers and medical staff for injuries

19

allegedly sustained by Mr. King at the SCDF on November 26, 2016.  *Id.*

20

The Court recommends that this action be transferred to the United States District Court

21

for the District of South Carolina, Spartanburg Division.

22

**DISCUSSION**

23

Venue may be raised by the court *sua sponte* where the defendant has not filed a

24

25

responsive pleading and the time for doing so has not run.  *See Costlow v. Weeks*, 790 F.2d 1486,

26

1488 (9th Cir.1986).  When jurisdiction is not founded solely on diversity, venue is proper in (1)

REPORT AND RECOMMENDATION - 1

the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

It is clear from Mr. King's complaint that he is currently incarcerated at the SCDF and that his claims arise out of actions alleged to have occurred on November 26, 2016 at the SCDF by employees of the SCDF. The SCDF is located in Spartanburg, South Carolina, which is within the venue of the United States District Court for the District of South Carolina, Spartanburg Division. *See* 28 U.S.C. § 121(1). Thus, venue is proper in the District of South Carolina, not the Western District of Washington.

### CONCLUSION

Accordingly, in the interest of justice, the undersigned recommends that this action be **TRANSFERRED** to the United States District Court for the District of South Carolina, Spartanburg Division. In light of the transfer, this Court should defer to the District Court of South Carolina with respect to Mr. King's application to proceed *in forma pauperis.*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

REPORT AND RECOMMENDATION - 2

1  (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

2  matter for consideration on **January 27, 2017,** as noted in the caption.

3

4          **DATED** this 3rd day of January, 2017.

5

6

7                                                   Karen L. Strombom
                                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 3