IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kipper King, | C/A No. 0:17-705-JMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Chuck Wright, *Sheriff*; Sgt. Pieklo; Lt. Cody; Spartanburg Detention Facility Medical Staff; Spartanburg County Detention Facility, | |
| Defendants. | |

The plaintiff, Kipper King, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. §§ 1915 and 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.    Procedural Background**

Plaintiff indicates that on November 26, 2016, Defendant Pieklo conducted a shake-down of his cell, after which Plaintiff found a mental spring that he "accidentally swallowed." He claims he informed Defendant Cody about the spring and three days later he had an x-ray. Plaintiff indicates the medical staff told him the situation was normal and to come back for x-rays in four to five days, but eight days later, he had not returned for x-rays and he had not passed the spring.

---

[1] This action was originally filed in the United States District Court for the Western District of Washington. Finding venue was proper in South Carolina, the Western District of Washington ordered the case be transferred to the District of South Carolina.

Plaintiff believes the spring will have to be surgically removed, which will cause "pain, scars, and humiliation." (Compl., ECF No. 1.) He alleges the detention center has failed to provide him with a safe environment and it resulted in injury.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901

F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

    **B.**    **Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The court construes Plaintiff's Complaint as asserting a civil rights claim pursuant to 42 U.S.C. § 1983 for deliberate indifference to conditions of confinement in violation of the Fourteenth Amendment.

Claims of pretrial detainees against detention center officials regarding conditions of confinement are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). "The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner; while the convicted prisoner is entitled to protection only against punishment that is 'cruel and unusual,' the pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of 'punishment.' " Martin, 849 F.2d at 870; see also Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). Further, "the fact that [the] detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.' " Bell, 441 U.S. at 537.



The United States Court of Appeals for the Fourth Circuit has held that the standard for determining whether detention center officials have violated a pretrial detainee's right to due process is deliberate indifference. See Hill, 979 F.2d at 991. Although these claims are analyzed under the Fourteenth Amendment, case law interpreting the standard of "deliberate indifference" under the Eighth Amendment is instructive. See, e.g., Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001) (stating that whether the plaintiff is a pretrial detainee or a convicted prisoner, the "standard in either case is the same—that is, whether a government official has been 'deliberately indifferent to any [of his] serious medical needs' ") (quoting Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990)).

Generally, to establish a claim based on alleged deliberate indifference, an inmate must establish two requirements: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.' " Williams, 77 F.3d at 761 (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). Objectively, the court must assess "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that

the risk of which he complains is not one that today's society chooses to tolerate." Helling v. McKinney, 509 U.S. 25, 36 (1993).[2]

Here, the court finds Plaintiff has failed to plead facts plausibly suggesting that the defendants violated his constitutional rights. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff's allegations fail to show that the spring found in his room posed a substantial risk of harm, or that swallowing the spring, an apparent act of his own volition, will cause a sufficiently serious injury. See Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) ("To be 'sufficiently serious,' the deprivation must be 'extreme'—meaning that it poses 'a serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions.' ") (quoting De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003)). Plaintiff's "belief" that the spring will have to be surgically removed is highly speculative and unsupported by any credible allegation. Also, Plaintiff has not pled any facts that would indicate the spring will cause any adverse health consequences, even if swallowed. And to

---

[2] The court observes the United States Supreme Court recently held that for a pretrial detainee to establish an excessive force claim under the Fourteenth Amendment, he need not show that the officer was subjectively aware that the use of force was excessive; rather, he need only show that the force purposely, knowingly, or possibly recklessly used against him was objectively unreasonable. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015). However, Kingsley did not address whether this standard applies to other claims by pretrial detainees pursuant to the Fourteenth Amendment, and, to date, the Fourth Circuit has not considered this issue. Cf. Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (extending Kingsley to conditions of confinement claims by pretrial detainees pursuant to the Fourteenth Amendment); Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (*en banc*) (extending Kingsley to failure-to-protect claims by pretrial detainees pursuant to the Fourteenth Amendment). Here, however, the court need not address whether Kingsley's standard extends to a pretrial detainee's Fourteenth Amendment claim asserting deliberate indifference to a serious need as the court finds Plaintiff's claim can be addressed without consideration of the subjective prong generally applied to Eighth Amendment claims.



the extent Plaintiff alleges the *presence* of the spring in his cell was a risk to his safety, such a claim would be frivolous. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.[3]

### III.  Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

May 22, 2017  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

---

[3] The court also notes the Spartanburg County Detention Facility is subject to summary dismissal because it is not a "person" amenable to suit under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Brooks v. Pembroke City Jail, 722 F. Supp. 1294 (E.D.N.C. 1989) (finding a city jail was not a "person" under § 1983 that is amendable to suit). Similarly, as to Defendant Spartanburg Detention Facility Medical Staff, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Barnett v. Padula, Civil Action No. 9:09-cv-00949-RBH, 2009 WL 1371815 (D.S.C. May 15, 2009) (concluding that the "Lee CI Medical Staff" is not a "person" subject to suit under § 1983); Barnes v. Bakersville Corr. Ctr. Med. Staff, Civil Action No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (concluding that a plaintiff failed to state a claim for relief under § 1983 because the plaintiff named "unspecified prison personnel" as defendants).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).